**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL ACTION NO. 17-50-DLB-CJS**

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

**VS.**                **MEMORANDUM OPINION AND ORDER**

**RODNEY LAWRENCE JACKSON**                               **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon Defendant Rodney Lawrence Jackson's Motion for Subpoenas, wherein he requests that the Court issue subpoenas pursuant to Federal Rule of Criminal Procedure 17(c) for the upcoming May 3, 2018 suppression hearing. (Doc. # 37). The United States having filed a Response opposing Defendant's Motion (Doc. # 38), and the Defendant having now filed his Reply (Doc. # 42), the Motion is now ripe for the Court's review. For the reasons set forth herein, Defendant's Motion for Subpoenas (Doc. # 37) is hereby **denied**.

**I. FACTUAL AND PROCEDURAL HISTORY**

On December 14, 2017, a federal grand jury returned an Indictment, charging the Defendant with possession of a mixture or substance containing methamphetamine, with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).[1] (Doc. # 1). The Defendant then filed a Motion to Suppress on February 22, 2018, seeking suppression of the evidence—

---

[1] A Superseding Indictment was returned against the Defendant on March 22, 2018. (Doc. # 20). The Superseding Indictment clarifies the quantity and purity of methamphetamine involved in the offense, 5 grams or more of actual methamphetamine. *Id.*

1

namely, twenty-six grams of methamphetamine—seized during his arrest on October 4, 2017, and located in his underwear during the officer's search of his person. (Doc. # 15). The Defendant's Motion to Suppress is fully briefed (Doc. # 18) and set for an evidentiary hearing on May 3, 2018. (Doc. # 31).

On April 9, 2018, the Defendant filed a Motion for Subpoenas pursuant to Rule 17(c). (Doc. # 37). Specifically, the Defendant seeks a subpoena for Chief Rob Nader, the chief of Police for the City of Covington, and requests body-camera footage of "any searches" that Officer Douglas Ullrich "has conducted since he has been a patrolman," as well as Officer Ullrich's personnel file, "including any sanctions, suspensions, reprimands, or complaints filed against Officer Ullrich for improper searches conducted by him." *Id*. The Defendant requests that such evidence be "produced forthwith so Counsel can examine these items prior to the scheduled suppression hearing on May 3, 2018." *Id*.

The United States opposes the Defendant's Motion, claiming that the Defendant's requests fail to comply with Rule 17(c)'s relevancy requirements and are unduly burdensome. (Doc. # 38). In his Reply, the Defendant suggests that the body-camera footage "will show a pattern of [Officer Ullrich] disregarding the rules against improper searches and seizures" and speculates that "Officer Ullrich has been censured for this activity before." (Doc. # 42). Such evidence, the Defendant claims, is necessary to support his suppression motion and impeach Officer Ullrich during the evidentiary hearing.

## II. ANALYSIS

To begin, the Court notes that a "criminal defendant is entitled to rather limited discovery" when compared with the general discovery available to civil litigants. *Degen v. United States*, 517 U.S. 820, 825 (1996); *see also United States v. Minton*, No. 5:17-cr-06-JMH, 2017 WL 1078635, at *2 (E.D. Ky. Mar. 21, 2017). Indeed, "[t]here is no general constitutional right to discovery in a criminal case." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Thus, Federal Rule of Criminal Procedure 16 provides the "primary means of discovery in criminal cases." *United States v. Llanez-Garcia*, 735 F.3d 483, 493 (6th Cir. 2013). And Rule 16 "requires the government to disclose to the defense … only specific categories of evidence." *United States v. Presser*, 844 F.2d 1275, 1284 (6th Cir. 1988). Specifically, Rule 16 "delineates the categories of information to which defendants are entitled in pretrial discovery in criminal cases, with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." *Llanez-Garcia*, 735 F.3d at 493 (internal citations omitted). "Upon request, Rule 16 requires the government to 'permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items.'" *Id.* (quoting Fed. R. Crim. P. 16(a)(1)(E)). "But this obligation does not arise unless 'the item is within the government's possession, custody, or control *and*: (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." *Id.* (citing Fed. R. Crim. P. 16(a)(1)(E)).

"Rule 17(c), by contrast, implements a criminal defendant's constitutional right 'to have compulsory process for obtaining witness in his favor' by providing a means to subpoena witnesses and documents for a trial or a hearing." *Id.* (citing U.S. Const. amend. VI). "Rule 17(c)'s 'chief innovation' is to 'expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials.'" *Id.* (quoting *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951)). Pursuant to Rule 17(c), a criminal defendant "may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim. P. 17(c).

"While Rule 16 only imposes an obligation on the government to turn over documents and objects, Rule 17(c) sweeps more broadly by allowing a defendant to request them from the government *or* third parties." *Llanez-Garcia*, 735 F.3d at 494 (citing *Bowman Dairy*, 341 U.S. at 219). "The Supreme Court has cautioned, however, that Rule 17(c) is not meant to provide an additional way to secure pretrial discovery." *Id.* (citing *Bowman Dairy*, 341 U.S. at 219) ("It was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms.").

Therefore, despite the broad language of Rule 17(c), a criminal defendant can subpoena materials or testimony only if he can show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by the exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Nixon*, 418 U.S. 683, 699-700 (1974).[2] Put simply, to carry his burden

---

[2] Although Rule 17 and *Nixon* focus on evidence for trial, "Rule 17 is not limited to subpoenas for the trial" and "subpoenas may be issued for a preliminary examination, a grand jury investigation, a deposition,

under Rule 17, the Defendant "must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity." *Id.*

In this case, the Defendant has sought subpoenas for two types of evidence. First, the Defendant seeks body-camera footage of "any searches" that Officer Douglas Ullrich "has conducted since he has been a patrolman." (Doc. # 37). And second, the Defendant requests Officer Ullrich's personnel file, "including any sanctions, suspensions, reprimands, or complaints filed against Officer Ullrich for improper searches conducted by him." *Id.* In support of those requests, the Defendant argues that he "believes" that the body-camera footage "from previous searches … will show a pattern of [Office Ullrich] disregarding the rules against improper searches and seizures" and "will show that Officer Ullrich has disregarded the rights of numerous defendants" by conducting strip-searches. (Doc. # 42 at 1).

Put simply, both of the Defendant's subpoena requests fail to clear Rule 17(c)'s first hurdle—relevancy. "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." *Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978) (citing *Alderman v. United States*, 394 U.S. 165, 174 (1969)). "In other words, for a defendant to argue successfully that evidence should be suppressed, he must show, as an element of his claim, that the government infringed upon *his* Fourth Amendment rights." *United States v. Noble*, 762 F.3d 509, 526 (6th Cir. 2014) (emphasis added). Whether Officer Ullrich may have violated other individuals' Fourth Amendment rights is of no consequence in this matter because it would neither provide a defense nor warrant suppression of the evidence in the Defendant's case. Therefore, the Court's

---

a determination of a factual issue raised by a pre-trial motion, or a post-trial motion." *Llanez-Garcia*, 735 F.3d at 493.

assessment of the Defendant's Motion to Suppress will be limited to the facts in this case, and will be determined by an application of those facts to the relevant law.

Similarly then, whether Office Ullrich "has been censured for this activity before" and whether he conducted an alleged strip-search "after having been advised that such searches are not proper" is beside the point. (Doc. # 42 at 1). Local government practices and "policies do not determine constitutional law." *Smith v. Freland*, 954 F.2d 343, 348 (6th Cir. 1992). "[T]he issue is whether Officer [Ullrich] violated the Constitution, not whether he should be disciplined by the local police force." *Id.* at 347. Therefore, the Defendant's desire for such irrelevant evidence fails to support his request for subpoenas.

The Defendant's passing reference to the need for "impeachment" evidence does not compel a different conclusion. (Doc. # 42 at 1). "Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial." *Nixon*, 418 U.S. at 701; *see also United States v. Vassar*, 346 F. App'x 17, 24 (6th Cir. 2009) ("[G]eneral impeachment evidence" is not "a proper subject for a Rule 17(c) subpoena."). Thus, unless "there are other valid potential evidentiary uses for the same material," the Court should not "authoriz[e] the issuance of the subpoena duces tecum." *Nixon*, 418 U.S. at 702. Furthermore, regarding personnel files in particular, the Sixth Circuit has held that the Government is not obligated to produce personnel files of testifying agents for impeachment purposes based solely upon the Defendant's "hope that he could find evidence to cast doubt on their credibility." *United States v. Valentine*, 59 F.3d 171, at *4 (6th Cir. 1995) (table) (citing *United States v. Driscoll*, 970 F.2d 1472 (6th Cir. 1992), *abrogated on other grounds by Hampton v. United States*, 191 F.3d 695 (6th Cir. 1999)). Here, however, the Defendant's request for Officer Ullrich's personnel file is based on

mere conjecture and an apparent interest in irrelevant matters.

Because the evidence sought is wholly irrelevant, the Defendant's request for subpoenas amount to nothing more than an impermissible "fishing expedition." *Nixon*, 418 U.S. at 700. Therefore, the Defendant has failed to carry his burden under Rule 17. Accordingly, the Defendant's Motion for Subpoenas (Doc. # 37), requesting body-camera footage of "any searches" that Officer Douglas Ullrich "has conducted since he has been a patrolman" and Officer Ullrich's personnel file, is **denied**.

### III. CONCLUSION

Accordingly, for the reasons set forth herein,

**IT IS ORDERED** that Defendant's Motion for Subpoenas (Doc. # 37) is hereby **denied**.

This 25th day of April, 2018.



Signed By:
David L. Bunning
United States District Judge

K:\DATA\ORDERS\Covington Criminal\2017\17-50 Order on DE 37 Rule 17 Mtn.docx