**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**COVINGTON**

**CRIMINAL ACTION NO. 17-50-DLB**
**(Civil Action No. 21-19)**

**UNITED STATES OF AMERICA**                                            **PLAINTIFF**


**V.**          **RESPONSE OF UNITED STATES IN OPPOSITION**
**TO JACKSON'S MOTION TO VACATE**


**RODNEY LAWRENCE JACKSON**                                    **DEFENDANT**

\* \* \* \* \*

The Court should deny Jackson's 28 U.S.C. § 2255 motion because he is unable to show that his counsel was ineffective.

In order to prevail on an ineffective assistance of counsel claim, Jackson bears the burden of showing that (1) counsel's performance fell below an objective standard of reasonableness and (2) counsel's ineffectiveness prejudiced his defense so as to deprive him of his right to a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A § 2255 petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel. If the Court determines that petitioner has failed to satisfy one prong, it need not consider the other. *Id.* at 697. A petitioner bears the burden of proving his allegations by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

To show deficient performance, a defendant "must prove that counsel's representation was not merely below average, but rather that it 'fell below an objective standard of reasonableness.'" *United States v. Dado*, 759 F.3d 550, 563 (6th Cir. 2014) (quoting *Strickland*, 466 U.S. at 688). Courts "employ a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 687. "Defendants alleging [] ineffective assistance of counsel bear 'a heavy burden of proof in this regard.'" *Marshall v. United States*, No. 3:16-CR-0004-JHM, 2018 WL 9439771, at *6 (W.D. Ky. July 9, 2018).

To prove prejudice, a defendant "must demonstrate that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of [the proceeding] would have been different.'" *Dado*, 759 F.3d at 563 (alteration in original) (quoting *Strickland*, 466 U.S. at 694). "When determining prejudice, [a court] must consider the errors of counsel in total, against the totality of the evidence in the case." *United States v. Munoz*, 605 F.3d 359, 377 (6th Cir. 2010) (alteration in original) (quoting *Stewart v. Wolfenbarger*, 468 F.3d 338, 361 (6th Cir. 2006)). "Reasonable probability" means "a probability sufficient to undermine confidence in the outcome." *Dado*, 759 F.3d at 563 (quoting *Strickland*, 466 U.S. at 694). Thus, "[a]n error by counsel, even if

2

professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 691).

Jackson was convicted of possessing with intent to distribute methamphetamine. *United States v. Jackson*, 801 F. App'x 941, 943 (6th Cir.), *cert. denied*, 140 S. Ct. 2789 (2020). The district court sentenced him to 336 months of imprisonment. [R. 98: Judgment at 422.] Jackson appealed and challenged the denial of his suppression motion and this Court's denial of his request an offense-level reduction for acceptance of responsibility. The Sixth Circuit affirmed. *Jackson*, 801 F. App'x at 943.

Jackson claims that his counsel provided ineffective assistance by failing to provide him with accurate information that would have allowed him to make an informed decision regarding whether to plead guilty or proceed to trial. [R. 124: Motion at 927, 942-52.] To succeed on an assertion that ineffective assistance of counsel led a defendant to reject a plea offer and subsequently be convicted at trial, the defendant "must show that but for the ineffective advice of counsel there was a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the guilty plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler v. Cooper*, 566 U.S. 156, 164 (2012). The "decision to plead guilty—first, last, and

3

always—rests with the defendant, not his lawyer." *Smith v. United States*, 348 F.3d 545, 552 (6th Cir. 2003). "Although the attorney may provide an opinion on the strength of the government's case, the likelihood of a successful defense, and the wisdom of a chosen course of action, the ultimate decision of whether to go to trial must be made by the person who will bear the ultimate consequence of a conviction." *Id.*

Here, Jackson refused to accept the government's proposed plea agreement. [Affidavit of F. Dennis Alerding at ¶¶ 10-13.] While Jackson points to the record to show that he was willing to accept a guilty plea, [R. 124: Motion at 949], a careful review of his testimony reveals the entire picture. Although Jackson informed the Court that his "intention wasn't necessarily to go to trial," he emphasized that he "believed [his] constitutional rights were violated" during the search. Simply, Jackson wanted "a conditional guilty plea," but "it wasn't an option." [R. 117: Rodney Jackson, TR (Sentencing) at 872-73.] Thus, Jackson's own words tell the real story—that he wanted a conditional guilty plea to preserve the suppression issue—an offer that the United States was unwilling to submit. Counsel confirmed as much, revealing that he sought a conditional plea but that the United States refused to make such an offer. [R. 117: Dennis Alerding, TR (Sentencing) at 852-53.] Thus, to preserve the suppression issue Jackson felt was important, his only option was to proceed to trial. The transcript of the suppression hearing confirms that Jackson had been offered a plea agreement prior to the suppression hearing and had elected to reject it with full knowledge that the offer would be revoked if he proceeded to hold a suppression hearing. [R. 46: Colloquy, TR

(Suppression Hearing) at 107.] And counsel confirms that Jackson rejected the plea offer because he wished to proceed with the motion to suppress. [Alerding Affidavit at ¶¶ 3-6.] Despite counsel's warnings of losing the reduction for acceptance of responsibility, Jackson informed counsel that he "definitely" wanted to "proceed with a Motion to Suppress and with a Trial." [*Id.* at ¶¶ 10-13.]

Jackson asserts that his counsel's actions equate to deficient performance. [R. 124: Motion at 945-49.] Jackson claims that when counsel visited him to review the bodycam video of the search and arrest, counsel brought along his son, "who was also an attorney with him." Jackson continues that after playing "approximately seven minutes of the [bodycam] video," counsel's "son assured me that he'd 'done and won plenty of illegal arrest cases and [that I] was illegally arrested.'" [R. 124: Motion at 946 n.5; R. 126: Motion at 962.] Thus, Jackson alleges that his counsel "allowed [him] to be provided with an objectively unreasonable assessment of the strength of the suppression motion," and "failed to provide [him] with accurate advice concerning the benefits and consequences of accepting the Government's plea offer versus proceeding to trial." [R. 124: Motion at 937.] While Jackson labels his counsel's assessment of the suppression issue "misadvice," [R. 124: Motion at 947], "[t]he right to counsel does not require errorless counsel." Instead, "a criminal defendant is entitled to reasonably effective assistance." *Wagner v. United States*, No. 4:15CR175(2), 2020 WL 5768320, at *4 (E.D. Tex. Sept. 28, 2020). "While [a] Court may sympathize with litigants who do not receive errorless counsel, the Constitution guarantees neither successful counsel, nor

5

the best counsel available, nor counsel free from tactical errors or errors of judgment." *Pitts v. Hopper*, 402 F. Supp. 119, 126 (N.D. Ga. 1974).

Here, counsel was faced with a debatable suppression issue. [*See* Alerding Affidavit at ¶ 3 (noting suppression issue had "facts that could have weighed heavily" in Jackson's favor).] Moreover, the United States offered a plea agreement "contingent on [Jackson] not proceeding with the suppression hearing." [R. 124: Motion at 946.] Jackson, however, insisted on proceeding with a suppression hearing, and counsel followed his client's wishes. [Alerding Affidavit at ¶¶ 6, 13.] Proceeding on the suppression issue was not an erroneous move. The details of the traffic stop and subsequent arrest were factually nuanced. *Jackson*, 801 F. App'x at 943-44 (detailing events of traffic stop, search, and arrest). The suppression matter was so compelling that appellate counsel pursued the issue on direct appeal. *See id.* at 945-47 (addressing Jackson's arguments regarding initial traffic stop, use of drug dog, and search of his person). [*See* Alerding Affidavit at ¶ 5 (recalling that Jackson "advised me that he had hired the Best Appellate Lawyer in America to handle his case on appeal").] The fact that trial counsel was not successful on the suppression motion is of no consequence because "[c]ounsel does not fall below [*Strickland*] standard by failing to prevail when arguing a debatable point to the court." *Hodge v. Haeberlin*, 579 F.3d 627, 644 (6th Cir. 2009); *see id.* at 645 (holding "[c]ounsel is not ineffective merely for failing to obtain a desired ruling from the court").

6

Moreover, Jackson fails to show that counsel's actions caused him to suffer prejudice. [R. 124: Motion at 949-51.] Jackson argues that sentencing exposure was increased by proceeding to trial, and he bases his argument on the fact that the purported proposed plea agreement "capped his sentence exposure at 18 years' imprisonment." [R. 124: Motion at 951; Alerding Affiavit at ¶ 10.] Jackson, however, was aware of his sentencing exposure as early as his initial appearance and arraignment, [R. 8: Minute Entry at 13; see R. 1: Indictment at 2], and again when the superseding indictment was issued. [R. 20: Superseding Indictment at 41; R. 26: Minute Entry at 54 (specifically providing "Count 1 read to the Defendant in open court & penalties summarized).] "As a result, the record . . . conclusively show[s] that he knew his sentencing exposure and nonetheless rejected a potential plea agreement for [less time of] imprisonment. He, therefore, could not have been prejudiced by [counsel's] performance concerning a later [plea] deal." *Reeves v. United States*, 665 F. App'x 833, 836 (11th Cir. 2016).

**CONCLUSION**

The Court should deny Jackson's § 2255 motion.

Respectfully submitted,

CARLTON S. SHIER, IV
ACTING UNITED STATES ATTORNEY

By:    s/ Anthony J. Bracke
Assistant United States Attorney
207 Grandview Drive, Suite 400
Ft. Mitchell, Kentucky 41017-2762
(859) 652-7032
Anthony.Bracke@usdoj.gov

CERTIFICATE OF SERVICE

On May 18, 2021, I electronically filed this response through the ECF system, and

I mailed this response to:

Rodney Lawrence Jackson
Reg. No. 11881-032
FCI Terre Haute
P.O. Box 33
Terre Haute, Indiana 47808
*Pro Se Defendant*

s/ Anthony J. Bracke
Assistant United States Attorney